# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **GARY DION DANIELS,** | § | |
| **Institutional ID No. 02464227,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:26-CV-081-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the petition of Gary Dion Daniels pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## I.     BACKGROUND

Petitioner is serving a term of imprisonment of forty years following his conviction for felony assault of a family household member with a previous conviction under Cause No. 1690471 in the 432nd District Court, Tarrant County, Texas. ECF No. 41-65 at 9–12. His conviction was affirmed. *Daniels v. State*, No. 02-23-00205-CR, 2024 WL 3977219 (Tex. App.—Fort Worth, Aug. 29, 2024, pet. ref'd). The Court of Criminal Appeals of Texas ("CCA") refused his petition for discretionary review. *Id.*; ECF No. 40-46.

Petitioner has filed a number of petitions for writ of mandamus as well as petitions for writ of habeas corpus in state court. *See* https://search.txcourts.gov/CaseSearch.aspx?coa=cossca&s=c (last visited June 24, 2026); ECF No. 42 at 8 n.1. Pertinent here, he filed his state application on May 19, 2025. ECF No. 41-65 at 42 (signature page). The trial court made extensive findings of fact and conclusions of law. ECF No. 41-65 at 431–64, 468. On November 20, 2025, the CCA

denied the application on the findings of the trial court and on its own independent review. ECF No. 41-73.

On December 17, 2025, Petitioner filed his federal habeas petition. ECF No. 3 at 21 (signature page). Respondent does not dispute the timeliness of the motion. ECF No. 42 at 6.

## II.    GROUNDS OF THE PETITION

Petitioner asserts a number of grounds in support of his petition. Briefly, he alleges that: he is procedurally and actually innocent; he received ineffective assistance of counsel; there was insufficient evidence to convict him; the trial court committed errors; the State engaged in prosecutorial misconduct; and, Petitioner was deprived of Due Process. ECF Nos. 3, 11, 15, and 18.

## III.    APPLICABLE LEGAL STANDARDS

### A.    Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill*

2

*v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.    Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal

court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## C.    Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112

(2011), and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citing *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.   **ANALYSIS**

Respondent has identified a number of arguments Petitioner makes that were not raised in the state court proceedings. ECF No. 42 at 9–10. All of them could and should have been presented in state court and cannot now be pursued as they would be barred by the abuse of the writ doctrine. *See Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); TEX. CODE CRIM. P. ART. 11.07, § 4(a). Such grounds, whether Respondent has appropriately identified them or not, are procedurally

barred here. *Coleman*, 501 U.S. at 735 n.1.

In his first ground, Petitioner argues that he is procedurally and actually innocent of the charged offense. ECF No. 3 at 5; ECF No. 11; ECF No. 15; ECF No. 18. Claims of actual innocence are not cognizable on federal habeas review. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Lucas v. Johnson*, 132 F.3d 1069, 1075–76 (5th Cir. 1998). Even if such a ground could be a basis for relief, that relief could only be granted if there was no available state procedure for making such a claim. *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003). Texas has such a procedure. *Id.*

In his third ground, Petitioner argues that the evidence was insufficient to convict him. ECF No. 3 at 8. When sufficiency is raised, the Court considers whether, viewing the evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). All credibility choices and reasonable inferences are resolved in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994). Petitioner challenged the sufficiency of the evidence on direct appeal and his conviction was affirmed. *Daniels*, 2024 WL 3977219. That determination is entitled to great deference. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993); *Parker v. Procunier*, 763 F.2d 664, 666 (5th Cir. 1985). Petitioner has not shown that the denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

In his second, fourth, and sixth grounds, Petitioner alleges that he received ineffective assistance by trial counsel. ECF No. 3 at 7, 10, 16. In his fifth ground, he alleges that his appellate counsel provided ineffective assistance. *Id.* at 14. The state habeas court made extensive findings with regard to the ineffective assistance claims. ECF No. 41-65 at 442–58 (findings 29–207). The CCA denied the application on the trial court's findings and on its own independent review. ECF No. 41-73. Petitioner's allegations here are wholly conclusory and unsupported and fail to raise a proper ground for relief. *Miller*, 200 F.3d at 282. Moreover, Petitioner has made no attempt to rebut the presumption of the correctness of the state court's findings in this regard. He has not met his burden to proceed. *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (where the state applied the correct governing legal principal, petitioner must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement).

In addition to the six grounds set forth in the petition, ECF No. 3, Respondent perceives that Petitioner has raised three additional grounds. First, the trial court erred and abused its discretion in modifying the 2008 assault judgment and allowing a modification of Ex. 1A to be offered at trial. ECF No. 42 at 5. Second, the State engaged in prosecutorial misconduct. *Id.* And third, the state courts failed to properly review the evidence (which Respondent interprets as a claim that Petitioner was denied Due Process). *Id.* at 6. To the extent that Petitioner has raised these grounds, he has only done so in passing and they are wholly conclusory and unsupported. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Thus, the Court need not consider them. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They are without merit in any event.

Trial court error under state law does not justify federal habeas corpus relief unless it violates a specific federal constitutional right or is so egregious that it renders the trial

fundamentally unfair. *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). To prevail, the petitioner must show that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). That is, the petitioner must establish that the error resulted in actual prejudice. *Id.* In state court, as here, Petitioner presented no evidence to support this contention with regard to the role played by the trial judge. ECF No. 41-65 at 455 (finding 180). With regard to the exhibit about which Petitioner is concerned, the record reflects that counsel objected to State's Exhibit 1A because it included extraneous materials not relevant to Petitioner's prior conviction. ECF No. 40-9 at 35–36. The parties agreed that only the judgment reflecting the prior conviction would be included in the exhibit. The trial judge admitted the amended exhibit. *Id.* at 37. The state court found that there was no credible evidence that the judgment of conviction was forged or altered in any way. ECF No. 41-65 at 441 (finding 19).

As for alleged prosecutorial misconduct, in order to demonstrate a violation under *Napue v. Illinois*, 360 U.S. 264 (1959), the petitioner must show that (1) the particular testimony was actually false, (2) the government knew it was false, and (3) the testimony was material. *United States v. Stanford*, 823 F.3d 814, 838–39 (5th Cir. 2016); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996). Simply because testimony at trial is different does not equate to perjury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (contradictory testimony or inconsistencies in testimony are to be resolved by the trier of fact). Although Petitioner claimed in his state habeas application that the State adduced false testimony at trial, he did not support his claims and the state habeas

8

court found that Petitioner had no evidence to support them. ECF No. 41-65 at 440–41, 444 (findings 11, 12, 19, 53, 55, 56).

What Respondent characterizes as denial of Due Process claims are apparently Petitioner's allegations that the state appellate court failed to review the record and that the CCA failed to conduct an independent review of the record. ECF No. 15 at 2. Petitioner's allegations are wholly conclusory and do not support a claim for relief. Further, the complaints clearly attack the trial court's and appellate court's failures to follow state law. Whether Texas courts erred in interpreting Texas law, however, is not for this Court to determine. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Infirmities in state habeas proceedings do not constitute constitutional grounds for federal habeas relief. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984).

To the extent Petitioner purports to raise any new grounds in his reply, the Court will not consider them. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). To the extent Petitioner seems to believe that the burden is on Respondent or this Court to rebut his allegations, he is mistaken.

## V.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **9th day** of **July, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

9